**Nicholas A. Kahl**, OSB No. 101145
NICK KALH, LLC
209 SW Oak Street, Suite 400
Portland, OR 97204
T: (971) 634-0829
F: (503) 227-6840
E: nick@nickkahl.com

**Laura L. Sheets***
**Steven D. Liddle***
**Lance T. Spitzig***
LIDDLE & DUBIN, PC
975 E Jefferson Avenue
Detroit, MI 48207
T: (313) 392-0015
F: (313) 392-0025
E: lsheets@ldclassaction.com
E: lspitzig@ldclassaction.com
**Pro Hac Vice* applications to be submitted

*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| MILES HART and ELIZABETH TANENBAUM, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs<br><br>vs<br><br>J.H. BAXTER & CO., INC. and J.H. BAXTER & CO., A CALIFORNIA LIMITED PARTNERSHIP<br><br>            Defendants | Case No.: 6:21-cv-00663<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br>Trespass, Private Nuisance, Public Nuisance, Negligence, Gross Negligence<br><br>**DEMAND FOR JURY TRIAL** |

**Page 1 of 23 – CLASS ACTION ALLEGATION COMPLAINT**

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

## I. INTRODUCTION

1.      The Plaintiffs bring this class action, on behalf of themselves and all others similarly situated, against Defendant J.H. Baxter & Co., Inc. and Defendant J.H. Baxter & Co., A California Limited Partnership (collectively, the "**Defendants**") in relation to their wood treatment facility located at 85 Baxter Street / 3494 Roosevelt Blvd, City of Eugene, County of Lane, State of Oregon (the "**Facility**").

2.      Fugitive contaminates and noxious odors from the Defendants' Facility have physically invaded the Plaintiffs' and putative Class' groundwater, soil, properties, and persons, thereby causing injury through trespass, private nuisance, public nuisance, and negligence.

3.      The Plaintiffs and putative Class seek economic and punitive damages, as well as injunctive relief not inconsistent with the Defendants' federally and state enforced permits.

## II. PARTIES

4.      Plaintiff Miles Hart is an individual that owns and resides at a home located at 4040 Bell Ave, City of Eugene, County of Lane, State of Oregon.

5.      Plaintiff Elizabeth Tanenbaum is an individual that owns and resides at a home located at 3490 Bell Avenue, City of Eugene, County of Lane, State of Oregon.

6.      Defendant J.H. Baxter & Co., Inc. is a California corporation with its principal place of business in California. It owns and/or operates the Facility.

7.      Defendant J.H. Baxter & Co., A California Limited Partnership is a California limited partner of Defendant J.H. Baxter & Co., Inc. Its principal place of business is in California, and it owns and/or operates the Facility.

## III. JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction pursuant to the *Class Action*



*Fairness Act*, 28 U.S.C. § 1332(d) because there are 100 or more Class Members and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs. Additionally, the Class Members are residents of a state different from that of the Defendants.

### IV. GENERAL ALLEGATIONS

9.      The Defendants, their predecessors, and/or their agents constructed or directed the construction of the Facility.

10.     The Defendants own, operate, and/or control the Facility, which is situated on 31 acres of land and borders residential properties.

11.     The Plaintiffs and the putative Class Members reside within 1.5 miles of the Facility's property boundary (the "**Class Area**").

12.     The Facility's operations include the following:

a)  Wood preservation;

b)  Heat treating;

c)  Kiln drying;

d)  Incising;

e)  Fabrication;

f)  Wrapping;

g)  Reloading; and

h)  Storage.

13.     Wood preservation involves the use of highly toxic oil-borne and water-borne preservatives, such as creosote, creosote-petroleum, pentachlorophenol, and Chemonite (ammoniacal copper zinc arsenate).

14.     The equipment used in the Facility's operations include pressure cylinders, kilns,

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

incisors, saws, and various other machinery.

15.     The byproducts generated by the Defendants' Facility's operations include the following:

      a)  Residual creosote and pentachlorophenol;

      b)  Arsenic;

      c)  Dioxins;

      d)  Furans;

      e)  Other toxic chemical compounds; and

      f)  Miscellaneous wastewater and oils.

16.     The Defendants have illegally disposed of these byproducts by, *inter alia*, boiling off or evaporating liquid waste, and by expelling them into storm drains and ditches.

17.     The Defendants' negligent processing of materials at the Facility have also resulted in these byproducts being released into the water, soil, and ambient air as fugitive emissions.

18.     The Defendant's failure to adequately manage and dispose of the byproducts at the Facility has resulted in contaminated groundwater and soil, and creates noxious odors and other air particulates, all of which are emitted onto the Plaintiffs' and putative Class' properties.

19.     The Plaintiffs' and putative Class' groundwater, soil, properties, and persons have been, and continue to be, physically invaded by these contaminates, noxious odors, and particulate emissions.

**A.**     ***The Defendants' Fugitive Emissions***

20.     A properly designed, operated, and maintained wood treatment facility will adequately capture, remove, and dispose of water and soil contaminates and noxious odors, and will not emit fugitive discharges that cause injury to neighboring properties.

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

21.     The Defendants have a duty to prevent contaminates from leaving the Facility so that they do not contaminate soil and groundwater, and to control its emission of noxious odors. To do so requires the Facility to be operated and/or maintained in a manner that adequately captures, controls, and mitigates such contaminates and emissions, and by implementing other reasonably available mitigation, elimination, and control systems at the Facility.

22.     The Defendants have failed to utilize and/or employ adequate mitigation strategies, processes, and technologies to prevent and control such contaminates and odors from escaping the boundaries of their Facility and impacting the surrounding residential neighborhoods. As a result, contaminants and noxious odors from the Facility have invaded the public and private lands within the Class Area.

23.     The Defendants' failures to prevent off-site contamination and odor emissions include, but are not limited to:

a) Using inadequate and/or obsolete systems and methods for processing wood, including the mismanagement of raw ingredients and byproducts;

b) Operating and maintaining the Facility in a way that inadequately captures, controls, and mitigates contaminates and particulate emissions;

c) The Improper and unpermitted use of equipment, such as utilizing retorts to boil off and/or evaporate liquid waste;

d) Failing to properly store, treat, and filter the waste produced through industrial operations;

e) Failing to develop and/or implement an adequate contaminate and particulate prevention plan;

f) Failing to utilize other contaminate and particulate prevention, elimination, and mitigation measures and technologies available to the Defendants; and

g) Other failures as revealed during discovery.

24.     These contaminates, odors, and emissions have interfered with activities in the

NK

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

surrounding areas, and they have precluded the reasonable use and enjoyment of private and public spaces in those areas.

**B.**    *Facility Complaints and Inspections*

25.    The Facility's emission of noxious odors and contamination of the Class' water and soil have prompted hundreds of complaints by citizens in the nearby residential area.

26.    Plaintiffs Miles Hart has reported that it "[s]mells bad, it 'rains' weird stuff down on my garden and kills the leaves of some of my plants. When it stinks really bad it burns your nose and eyes. They try to burn stuff off at night and the smell will actually wake you up from a sleep. They even ran it during Christmas Eve and Christmas Day this last year."

27.    Plaintiff Elizabeth Tanenbaum has reported that "there are days when I will walk outside and feel sick to my stomach because of the smell. It limits our ability for outdoor activities and, when the smells are strong, I limit my 7 year old son's activity outdoors as well. There are times when we cannot keep windows open."

28.    The Defendants' well-documented pattern of failing to control water and soil contaminates and noxious odors is further demonstrated by the following:

    a)    Since 2019, there have been over 150 complaints made to the Lane Regional Air Protection Agency ("**LRAPA**"), which manages, among other things, air quality monitoring, permitting, and enforcement for the State of Oregon. The complaints include, but are not limited to:

        i.    On January 23, 2021, a resident reported, "a very strong smell of chemicals in the air this morning. Smelled quite toxic, and the smell has lingered in my nose and mouth even after a brief (2 minute) time spent outside. We had to alter our plans for a family walk in the neighborhood, out of concern for our safety, especially the developing lungs of our four-year old daughter".

        ii.    On January 13, 2021, a resident reported, "Chemical aroma in the air – could not go outside/open window".



p: 971-634-0829
f: 503-227-6840

NICK KAHL    ATTORNEY

209 SW Oak Street, Suite 400
Portland, OR 97204

       iii.    On December 25, 2020, a resident reported, "Terrible odor from Baxter Christmas morning. Wanted to have someone from LRAPA look into it. Doesn't think they needed to offgass on Christmas morning".

       iv.    On August 17, 2020, a resident reported that "she was woken up last night from a strong odor" and that she "smelled a creosote type odor around 12:15am and was kept up all night".

b) The Defendants have received numerous Notices of Violations in relation to the Facility's contaminates and noxious odors;

c) In 2018, the Oregon Department of Environmental Quality ("**ODEQ**") issued the Defendants a $19,200 fine for numerous violations where contaminated stormwater from the Facility entered ditches that drain into Amazon Creek;

d) In 2018, the U.S. Environmental Protection Agency (the "**EPA**") fined the Defendants $64,000 for the improper handling and storage of hazardous waste. The Defendants were also ordered to update their toxic waste storage facilities (i.e. construct new berms and install proper drainage to prevent waste from permeating into the ground);

e) In 2019, the Defendants and the ODEQ executed a cleanup plan to reduce soil and groundwater contamination;

f) In March 2021, the ODEQ issued the Defendants a $223,000 fine for various misconduct. This includes improperly using retorts to boil off or evaporate 1.7 million gallons of hazardous waste. Additionally, the Facility's stormwater treatment pond overflowed on multiple occasions, where over 50,000 gallons of contaminated water entered a storm ditch that drains into Amazon Creek; and

g) There have been numerous media reports regarding water and soil contaminates and noxious odor emissions from the Facility.

### C.    *The Dangers of the Defendants' Toxic Contaminates*

29.    The contaminates that the Defendants' have discharged into the groundwater and soil in the Class Area include, among other things, creosote, pentachlorophenol, arsenic, dioxins, and furans.

30.    Creosote is created through the distillation of tars and plant material, and it is



p: 971-634-0829
f: 503-227-6840

NICK KAHL
ATTORNEY

209 SW Oak Street, Suite 400
Portland, OR 97204

typically used as a preservative. Ingesting or breathing creosote over time may damage the liver, kidneys, and/or brain. According to the EPA, creosote is a possible carcinogen.

31.     Pentachlorophenol ("**PCP**") is a chemical compound that is generally used as a pesticide or disinfectant. The EPA has indicated that it is extremely toxic to humans and that acute ingestion or inhalation can cause neurological, blood, and liver defects, as well as eye irritation. Long-term exposure can further impact the respiratory tract, kidneys, immune system, nose, and skin. The EPA has classified PCP as a probable carcinogen.

32.     Arsenic is a chemical that is used in wood preservation. The ingestion of arsenic can have immediate toxic effects, such as severe vomiting, disturbances of the circulatory system, and damage to the nervous system. The World Health Organization has indicated that long-term exposure to arsenic in drinking water can cause cancer, skin lesions, cardiovascular disease, diabetes, and death. It has also been linked to neuro-cognitive defects in cases of utero and early childhood exposure.

33.     Dioxins are highly toxic chemical compounds that perpetuate for many years and are prevalent in environmental pollutants. They arise from combustion processes, such as burning waste, and they naturally permeate into soil and groundwater. The EPA has determined that dioxins can cause problems with reproduction, physical and/or mental development, compromise the immune system, and interfere with hormones. The EPA has also indicated that dioxins can cause cancer.

34.     Furans are chemical compounds used in the production of resins and lacquers. The EPA has indicated that furans affect hormone levels and are a probable carcinogen.

35.     These contaminates are water soluble, meaning they migrate readily through groundwater and soil. This poses a significant risk of fugitive dissemination.

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

36.     Accordingly, it is vital that locations in which these contaminates are present be particularly well controlled. This is imperative given the toxicity and lethal effects of these contaminates.

D.     *Contaminates in the Groundwater and Soil*

37.     As indicated above, the Defendants have been cited and fined on multiple occasions for improperly managing, storing, treating, and disposing of contaminates.

38.     In 2019, testing around the Facility revealed dioxins, heavy metals, and PCP in the groundwater and soil. Eight wells are located within the tested area.

39.     In 2018, water testing of the Roosevelt Channel, which is connected to the Facility by storm ditches and leads into Amazon Creek, indicated the presence of heavy metals and PCP. The Roosevelt Channel and Amazon Creek each run adjacent to residential properties.

40.     In the Class Area, groundwater tests have indicated PCP levels exceeding 4,000 parts per billion (ppb), which is 4,000 times above Oregon's drinking water standard of 0.001 mg/L (1 part per billion).

41.     PCP has been detected in the Class Area aquifer. Arsenic, creosote, and furans have been detected in soil at the Facility, where runoff stormwater has dispersed beyond the property boundaries of the Facility.

42.     The Plaintiffs' and Class Members' persons, groundwater, soil, land, and properties have been exposed to highly toxic contaminates from the Facility.

E.     *Necessity of Medical Monitoring*

43.     The contaminates to which the Plaintiffs and Class Members have been exposed are known to cause serious illnesses as described herein, including various forms of cancer.

44.     The Plaintiffs and Class Members have a significantly increased risk of developing

NK

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

these illnesses due to such exposure.

45.     It is reasonably necessary for the Plaintiffs and Class Members to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of their exposure.

46.     Monitoring procedures exist for the early detection of the maladies associated with the contaminates.

47.     Early diagnosis and treatment of such cancers, diseases, and disorders is essential to mitigate long-term health consequences for the Plaintiffs and Class Members.

48.     Simple procedures including, but not limited to, blood tests, skin evaluations, scans, urine tests, and physical examinations are well-established and readily available.

49.     These measures are essential to prevent and mitigate long-term health consequences that will be borne by the Plaintiffs and Class Members through no fault of their own. In some cases, these measures are likely to be lifesaving.

50.     The requested tests, procedures, scans, and examinations are different from what is generally recommended for the public at large. This regimen will be specifically tailored to assess and monitor health conditions that pertain to the aforementioned contaminate exposure.

51.     Further, these medical evaluations must occur more frequently than what is recommended for the general population.

52.     The nature and increased frequency of such medical evaluations would not be necessary for the Plaintiffs and Class Members had they not been exposed to the Defendants' contaminates.

53.     The required testing is reasonably necessary, and it is in accordance with current medical and scientific conventions.

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

54.    The Plaintiffs and the Class have no other adequate remedy at law, and medical monitoring through the establishment of a medical monitoring fund is reasonably necessary.

## V. CLASS ALLEGATIONS

**A.    *Definition of the Class***

55.    The Plaintiffs brings this action individually and on behalf of all persons that the Court deems appropriate for class certification, pursuant to *Federal Rule of Civil Procedure* 23 (the "**Class**" or "**Class Members**"). The Plaintiffs seeks to represent a Class of persons preliminarily defined as:

> **All owner/occupants and renters of residential property situated within one and one half (1.5) miles of the Facility's property boundary.**

The definitional boundary is subject to modification as discovery discloses the location of all persons properly included in the Class. The Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such sub-classes are appropriate.

56.    This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the *Federal Rules of Civil Procedure* in that:

a)  The Class, which includes hundreds of members, is so numerous that joinder of all members is impracticable;

b)  There are substantial questions of law and fact common to the Class, including those set forth in greater particularity herein;

c)  Questions of law and fact such as those enumerated below, which are common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

d)  The claims of the representative parties are typical of the claims of the Class;

e)  A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

f)  The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;



p: 971-634-0829
f: 503-227-6840

NICK KAHL
ATTORNEY

209 SW Oak Street, Suite 400
Portland, OR 97204

g)  There are no unusual difficulties foreseen in the management of this class action; and

h)  The Plaintiffs, whose claims are typical of those of the Class, through their experienced counsel, will zealously and adequately represent the Class.

**B.    *Numerosity***

57.    The Class consists of thousands of members and, therefore, is so numerous that joinder is impracticable.

**C.    *Commonality***

58.    Numerous common questions of law and fact predominate over any individual questions affecting Class Members, including but not limited to the following:

a)  Whether and how the Defendants wrongfully, intentionally, knowingly, recklessly, negligently, and/or grossly failed to construct, operate, and maintain the Facility;

b)  Whether the Defendants owed any duties to the Class Members;

c)  Which duties the Defendants owed to the Class Members;

d)  Which steps the Defendants have and have not taken to control the escape of contaminates and noxious odors from the Facility;

e)  Whether the Defendants met the standard of care with respect to their design, operation, and maintenance of the Facility;

f)  Whether and to what extent the Facility's fugitive contaminates and noxious odors were dispersed over the Class Area;

g)  Whether it was reasonably foreseeable that the Defendants' failure to properly design, operate, and maintain the Facility would result in an invasion of the Class Members' property interests;

h)  Whether the degree of harm suffered by the Class Members constitutes a substantial annoyance or interference with their use and enjoyment of their properties; and

i)  The proper measure of damages incurred by the Class Members.

**D.    *Typicality***



NICK KAHL  ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

59.     The claims of the named Plaintiffs are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence (including expert testimony), rely upon the same legal theories, and seek the same type of relief.

60.     The claims of the Plaintiffs and the other Class Members have a common cause and their damages are of the same type. The claims originate from the same failures by the Defendants to properly construct, maintain, and/or operate the Facility.

61.     All Class Members have suffered injury in fact as a result of the invasion of their properties and persons by water and soil contaminates and noxious odors, all of which were emitted by the Defendants' Facility. The contaminates and odors similarly interfere with each Class Members' ability to use and enjoy their homes and have diminished their property values.

**E.     *Adequacy of Representation***

62.     The Plaintiffs' claims are sufficiently aligned with the interests of absent Class Members to ensure that the Class' claims will be prosecuted with diligence and care by the Plaintiffs as representatives of the Class. The Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

63.     The Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of private property by industrial emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent the Plaintiffs and all absent Class Members.

**F.     *Class Treatment is the Superior Method of Adjudication***

64.     A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:



p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

a) Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

b) Individual claims by Class Members would create a risk of inconsistent or varying adjudications, which would present the Defendants with incompatible standards of conduct;

c) Individual claims by individual Class Members would create a risk of adjudications which would, as a practical matter, be dispositive of the interests of other individuals who are not parties to the adjudications, or substantially impair or impede their ability to protect and pursue their interests;

d) Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

e) In view of the complexity of the issues and the expenses of litigation, the separate claims of individual Class Members are likely insufficient in amount to support the costs of filing and litigating separate actions;

f) The Plaintiffs seek equitable relief relating to the Defendants' common actions and failures to act, and the equitable relief sought would commonly benefit the Class as a whole;

g) The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

h) The proposed class action is manageable.

### FIRST CAUSE OF ACTION

### (Trespass)

65.    The Plaintiffs restate the allegations of this Complaint as if fully restated herein.

66.    The Defendants intentionally, knowingly, purposely, willfully, wantonly, maliciously, recklessly, and/or negligently failed to properly construct, maintain, and/or operate the Facility.

67.    As a direct and proximate result of this misconduct, water and soil contaminates and noxious odors physically invaded, entered, settled upon, and accumulated upon the Plaintiffs' and Class' properties and persons on occasions too numerous to identify with specificity. This is

**Page 14 of 23 – CLASS ACTION ALLEGATION COMPLAINT**



an ongoing occurrence.

68.     It was reasonably foreseeable that the Defendants' failure to properly construct, maintain, and/or operate the Facility would result in such an invasion of those properties and persons by the contaminates and noxious odors.

69.     The contaminates and noxious odors interfere with the Plaintiffs' and Class' enjoyment of life, and the possession, use, and enjoyment of their properties, and they constitute a trespass thereupon.

70.     The Plaintiffs and Class Members did not consent to the physical invasion of their properties or persons by water and soil contaminates or noxious odors from the Defendants' Facility.

71.     As a result of the foregoing misconduct by the Defendants, the Plaintiffs and Class suffered and continue to suffer economic damages. This includes the loss of use and enjoyment of their properties, physical damage to their properties, diminution in property values, and other economic losses such as the cost of medical monitoring in an amount to be proven at trial.

72.     The Defendants have shown a reckless and outrageous disregard to a highly unreasonable risk of harm and they have acted with conscious indifference to the health, safety, and welfare of the Plaintiffs and Class Members. The Defendants are liable for punitive damages in an amount to be determined at trial.

73.     The Defendants' trespass upon the Plaintiffs' and Class' lands were, and continue to be, intentional, willful, malicious, and made with a conscious disregard for the rights of the Plaintiffs and Class Members. The Plaintiffs and Class Members are entitled to compensatory, injunctive, exemplary, and/or punitive relief.

### SECOND CAUSE OF ACTION

### (Private Nuisance)

NK

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

74.    The Plaintiffs restate the allegations of this Complaint as if fully restated herein.

75.    The Defendants owed, and continue to owe, a duty to the Plaintiffs and Class to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

76.    The water and soil contaminates and noxious odors which entered the Plaintiffs' and Class' properties and persons originated from the Facility, which was improperly and unreasonably constructed, maintained, and/or operated by the Defendants.

77.    The contaminates and noxious odors are indecent and offensive to the Plaintiffs and Class, and they are indecent and offensive to individuals with ordinary sensibilities. The contaminates and odors substantially and unreasonably interfere with the Plaintiffs' and Class' enjoyment of life, and the ability to use and enjoy their properties. This includes, but is not limited to:

a)  Forcing the Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

b)  Causing the Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;

c)  Depriving the Plaintiffs and Class Members of the value of their homes and properties;

d)  Depriving the Plaintiffs and Class Members of fresh and uncontaminated groundwater and soil; and

e)  Causing the Plaintiffs and Class Members embarrassment, inconvenience, and reluctance to invite guests to their homes.

78.    The Plaintiffs' and Class' properties are situated in such proximity to the Defendants' Facility as to constitute "neighboring" properties, in that they are near enough to be impacted by the tangible effects of water and soil contaminates and noxious odors emitted from

NK
NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

the Facility.

79.    The impact of the water and soil contaminates is amplified by the Defendants' purposeful, intentional, knowing, reckless, and/or negligent introduction of those contaminates into flowing water, such as the Roosevelt Channel and Amazon Creek.

80.    By constructing and then failing to reasonably repair, maintain, and operate the Facility, thereby causing contaminates and noxious odors to physically invade the Plaintiffs' and Class' properties, the Defendants intentionally, knowingly, recklessly, and/or negligently created a nuisance that substantially and unreasonably interferes with the Plaintiffs' and Class' properties and persons.

81.    The water and soil contaminates and noxious odors produced by the Defendants' Facility are severe and continuous in nature, and they have a long-lasting effect. The Defendants have failed to reasonably prevent and abate these fugitive emissions.

82.    As a result of the foregoing misconduct by the Defendants, the Plaintiffs and Class suffered and continue to suffer economic damages. This includes the loss of use and enjoyment of their properties, physical damage to their properties, diminution in property values, and other economic losses such as the cost of medical monitoring in an amount to be proven at trial.

83.    The Plaintiffs and Class Members did not consent to the invasion of their properties by the Defendants' fugitive contaminates or noxious odors, which is ongoing and constitutes a nuisance.

84.    Any social utility that is provided by the Facility is patently outweighed by the harm suffered by the Plaintiffs and Class Members, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured a substantial loss in the value of their properties.

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

85.     Further, the Plaintiffs and Class Members have been subjected to a substantially increased risk of developing numerous diseases, disorders, and illnesses, as described herein. Some Class Members exhibit early signs of such ailments.

86.     The Defendants have shown a reckless and outrageous disregard to a highly unreasonable risk of harm and they have acted with conscious indifference to the health, safety, and welfare of the Plaintiffs and Class Members. The Defendants are liable for punitive damages in an amount to be determined at trial.

87.     The Defendants' substantial and unreasonable interference with the Plaintiffs' and Class' use and enjoyment of their properties constitutes a private nuisance. The Defendants are liable for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

### THIRD CAUSE OF ACTION

### (Public Nuisance)

88.     The Plaintiffs restate the allegations of this Complaint as if fully restated herein.

89.     The Plaintiffs and the Class utilize their properties as residences and reside within the Class Area.

90.     The groundwater and soil contaminates and noxious odors which entered the Plaintiffs' and Class' properties originated from the Defendants' Facility, which is in close proximity to the Class Area.

91.     By failing to reasonably design, operate, repair, and maintain their Facility, the Defendants have caused contaminates and noxious odors to invade the Plaintiff's and Class' groundwater, soil, properties, and persons. This occurs on unusually frequent occasions that are too numerous to individually list herein.



p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

92.     The contaminates and noxious odors are indecent and offensive to the Plaintiffs and Class, and they are indecent and offensive to individuals with ordinary sensibilities. The contaminates and odors substantially and unreasonably interfere with the Plaintiffs' and Class' enjoyment of life, and the ability to use and enjoy their properties. This includes, but is not limited to:

   a) Forcing the Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

   b) Causing the Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;

   c) Depriving the Plaintiffs and Class Members of the value of their homes and properties;

   d) Depriving the Plaintiffs and Class Members of fresh and uncontaminated groundwater and soil; and

   e) Causing the Plaintiffs and Class Members embarrassment, inconvenience, and reluctance to invite guests to their homes.

93.     As a foreseeable, direct, and proximate result of the forgoing misconduct by the Defendants, the Plaintiffs and the Class Members have suffered special damages to their properties and persons as alleged herein.

94.     The damages suffered by the Plaintiffs and Class are uniquely injurious to those parties because they suffer harm relating to the use and enjoyment of their properties, contaminated groundwater and soil on their land, and decreased property values.

95.     The general public is impacted by the Facility's fugitive contaminates and noxious odors when they work, study, commute, shop, or engage in recreation in the Class Area, but they suffer no harm to the use and enjoyment of their land or property, or decreased property values. The harm to the general public is separate and apart from the violations of the Plaintiffs' and Class

NK
NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

Members' property rights.

96.     The fugitive contaminates and noxious odors emitted by the Defendants' Facility have been, and continue to be, unreasonably dispersed across public and private land throughout the Class Area. This has been documented by the ODEQ and the LRAPA, and citations have been issued for violations of applicable Oregon laws and regulations.

97.     As a result of the foregoing misconduct by the Defendants, the Plaintiffs and Class suffered and continue to suffer economic damages. This includes the loss of use and enjoyment of their properties, physical damage to their properties, diminution in property values, and other economic losses such as the cost of medical monitoring in an amount to be proven at trial.

98.     The Plaintiffs and Class Members did not consent to the invasion of their properties or persons by the Defendants' fugitive water and soil contaminates or noxious odors, which is ongoing and constitutes a nuisance.

99.     The Plaintiffs and Class suffered, and continue to suffer, harms and damages that are of a different kind and in addition to those suffered by the public at large.

100.    Any social utility that is provided by the Facility is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured a substantial loss in the value of their properties.

101.    Further, the Plaintiffs and Class Members have been subjected to a substantially increased risk of developing numerous diseases, disorders, and illnesses, as described herein. Some Class Members exhibit early signs of such ailments.

102.    The Defendants have shown a reckless and outrageous disregard to a highly unreasonable risk of harm and they have acted with conscious indifference to the health, safety,

p: 971-634-0829
f: 503-227-6840

NICK KAHL
ATTORNEY

209 SW Oak Street, Suite 400
Portland, OR 97204

and welfare of the Plaintiffs and Class Members. The Defendants are liable for punitive damages in an amount to be determined at trial.

103.    The Defendants' substantial and unreasonable interference with the Plaintiffs' and Class' use and enjoyment of their properties arises from a public nuisance, from which the Plaintiffs and Class Members have uniquely suffered. The Defendants are liable to the Plaintiffs and Class Members for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## FOURTH CAUSE OF ACTION

### (Negligence)

104.    The Plaintiffs restate the allegations of this Complaint as if fully restated herein.

105.    The Defendants committed wrongful acts or omissions when they failed to operate and maintain their Facility in a reasonable manner, including failing to prevent fugitive emissions of water and soil contaminates and noxious odors.

106.    The Defendants' negligent and improper maintenance and operation of the Facility is the direct and proximate cause of the invasion by contaminates and noxious odors of the Plaintiffs' and Class' groundwater, soil, and properties on occasions too numerous to mention.

107.    Such contaminates and noxious odors also invaded the persons of the Plaintiffs and Class Members, thereby subjecting them to a substantially increased risk of developing numerous diseases, disorders, and illnesses, as described herein. Some Class Members exhibit early signs of such ailments.

108.    As a result of the foregoing misconduct by the Defendants, the Plaintiffs and Class suffered and continue to suffer economic damages. This includes the loss of use and enjoyment of their properties, physical damage to their properties, diminution in property values, and other

NK

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

economic losses such as the cost of medical monitoring in an amount to be proven at trial.

109.    By failing to properly maintain and operate their Facility, the Defendants failed to exercise the duty of ordinary care and diligence.

110.    Such negligence by the Defendants entitles the Plaintiffs and Class Members to compensatory and injunctive relief.

## FIFTH CAUSE OF ACTION

### (Gross Negligence)

111.    After learning about the fugitive contaminates and emissions, the Defendants failed to take reasonable and adequate steps to abate the conditions causing damages to the Plaintiffs' and Class' properties.

112.    The Defendants knowingly and recklessly allowed conditions to exist and perpetuate which caused water and soil contaminates and noxious odors to physically invade the Plaintiffs' and Class' properties and persons. This constitutes gross negligence.

113.    The Defendants' gross negligence was committed with a conscious indifference to the harm caused to the Plaintiffs' and Class' properties and persons, which entitles the Plaintiffs and Class Members to an award for compensatory, injunctive, exemplary, and/or punitive relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A.  Certification of the proposed Class by order pursuant to *Federal Rule of Civil Procedure* 23;

B.  Designation of the Plaintiffs as representative of the proposed Class and designation of his counsel as Class Counsel;

C.  Judgment in favor of the Plaintiffs and the Class Members as against the Defendants, declaring the Defendants liable for each cause of action stated above;



p: 971-634-0829
f: 503-227-6840

NICK KAHL   ATTORNEY

209 SW Oak Street, Suite 400
Portland, OR 97204

D. An award for economic damages, including for injuries to property as outlined herein and medical monitoring, inclusive of pre- and post-judgment interest;

E.  An award for punitive and/or exemplary damages;

F. An award of attorneys' fees and costs, including pre- and post-judgement interest;

G. An Order holding that the entrance of the water and soil contaminates and noxious odors upon the Plaintiffs' and Class' properties constituted a nuisance;

H. Injunctive relief not inconsistent with the Defendants' federal and state permits and regulatory obligations; and

I. Such further relief, both general and specific, that this Honorable Court deems just and proper.

## <u>JURY DEMAND</u>

The Plaintiffs respectfully demands a trial by jury on all issues raised in this Complaint.


Date: April 30, 2021                    Respectfully submitted,


<u>s/ Nicholas Kahl</u>
**Nicholas A. Kahl**, OSB No. 101145
NICK KALH, LLC
209 SW Oak Street, Suite 400
Portland, OR  97204
T: (971) 634-0829
F: (503) 227-6840
E: nick@nickkahl.com

**Laura L. Sheets***
**Steven D. Liddle***
**Lance Spitzig***
LIDDLE & DUBIN, PC
975 E Jefferson Avenue
Detroit, MI  48207
T: (313) 392-0015
F: (313) 392-0025
E: lsheets@ldclassaction.com
E: lspitzig@ldclassaction.com
**Pro Hac Vice* applications to be submitted

*Attorneys for the Plaintiffs & the Putative Class*

**Page 23 of 23  –  CLASS ACTION ALLEGATION COMPLAINT**



p: 971-634-0829
f: 503-227-6840

NICK KAHL
ATTORNEY

209 SW Oak Street, Suite 400
Portland, OR 97204