UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MILES HART and ELIZABETH TANENBAUM, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>J.H. BAXTER & CO., INC.; J.H. BAXTER & CO., a California Limited Partnership; and GEORGIA BAXTER-KRAUSE, individually,<br><br>          Defendants. | Case No. 6:21-cv-00663-MK<br><br>**OPINION & ORDER** |

**KASUBHAI,** United States Magistrate Judge:

      Plaintiffs Miles Hart and Elizabeth Tanenbaum ("Plaintiffs") bring this class action[1] on behalf of themselves and all others similarly situated against Defendants J.H. Baxter & Co., Inc.,

---

[1] The Court granted Plaintiffs' Motion for Class Certification on April 12, 2023. ECF No. 63.

Page 1 — OPINION & ORDER

J.H. Baxter & Co., and Georgia Baxter-Krause based on alleged fugitive contaminates and noxious odors from Defendants' wood treatment facility. Am. Compl. ¶¶ 1-2, ECF No. 51. Before the Court is Defendants' informal request for a stay of its March 21, 2024 Opinion & Order (denying Defendant Baxter-Krause's request for a stay pending resolution of possible criminal charges which may be brought against her), ECF No. 87, pending the District Court Judge's resolution of objections to that Opinion & Order, ECF No. 88.[2] Email from Defense Counsel Kimberly Hanks McGair to Judge Kasubhai's Courtroom Deputy (April 17, 2024, 12:36 PM PDT). For the reasons below, Defendants' request is denied.[3]

## BACKGROUND

The factual background for this case and related criminal investigation are set forth in the Court's March 21, 2024 Opinion & Order ("March 21 O&O"), ECF No. 87, and are therefore not recited again. As relevant here, the procedural posture is as follows:

On March 21, 2024, this Court denied Defendant Georgia Baxter-Krause's Motion to Stay Discovery and for a Protective Order. Weighing the relevant factors, the Court concluded that those factors weighed against staying discovery pending the resolution of potential criminal charges against Defendant Baxter-Krause. Discovery had already been stayed voluntarily for nearly six months and stayed further by virtue of the then-pending motion to stay for nearly another four months. The Court's March 21 O&O extended discovery until April 22, 2024. On

---

[2] Defendant's informal request only referred to a stay in this case, with no mention of related case *Bell-Alanis et al. v. J.H. Baxter & Co. et al.*, 6:21-cv-00885-MK. Accordingly, the Court has not docketed a parallel Opinion & Order on this informal request in that case.

[3] The Court declines to order formal briefing on this request because, as explained more fully below, (1) the factors at issue largely overlap with those already discussed in the Court's March 21, 2024 Opinion & Order such that there is little value in formal briefing and (2) Defendants had ample opportunity to request this stay, and file or request formal briefing on the matter, in the 27 days that elapsed between the entry of the March 21, 2024 Opinion & Order and the date of their informal request.

Page 2 — OPINION & ORDER

April 4, 2024, Defendant Baxter-Krause timely filed objections to the March 21 O&O as permitted by Fed. R. Civ. P. 72. ECF No. 88. Defendants did not file a concurrent motion to stay the March 21 O&O, nor did they request expedited review of their objections.

On April 17, 2024, three business days from the close of discovery, the Court received email correspondence—by way of the Court's informal discovery process—in which Defendants request a stay of March 21 O&O pending the District Court Judge's resolution of objections to that order. Plaintiffs responded on April 18, 2024. The emails from the parties are reproduced in their entirety below:

Defendants:

> Dear Judge Kasubhai:
>
> As you know, Ward Greene and I represent the defendants in the above-referenced matter. Pursuant to the directions on your page of the Court's website, I'm writing regarding a discovery dispute between the parties in this case.
>
> As you know, you issued an Opinion & Order on March 21, 2024 (ECF 87) denying Defendants' Motion to Stay. On April 8, 2024, you referred Defendants' Objections to Magistrate's Order to Judge Aiken (ECF 89). In the Opinion & Order, you extended the discovery deadline to April 22, 2024. Plaintiffs' counsel has indicated that they intend to proceed with discovery (namely taking Ms. Baxter's deposition and requiring that she answer the pending Requests for Admissions) in advance of Judge Aiken's ruling on the referral of Defendants' Objections. Defendants believe that it would be inappropriate to proceed with discovery pending Judge Aiken's ruling as it would deprive defendant Georgia Baxter of a meaningful review if she was compelled to sit for a deposition or answer the pending Requests for Admissions while Judge Aiken's review is pending.
> To resolve this concern, Defendants have suggested an extension of the discovery deadline to a date 30 days after Judge Aiken issues her ruling. Plaintiffs object to any extension of the discovery deadline or delay in taking discovery from Ms. Baxter.
>
> This dispute is a bit unusual, so if the Court would prefer that Defendants file a formal motion regarding these matters, we will do so, but we thought an email was the appropriate first step based on the directions on the Court's website.
>
> Thank you.

Page 3 — OPINION & ORDER

> Kimberley Hanks McGair · Attorney

Email from Defense Counsel Kimberly Hanks McGair to Judge Kasubhai's Courtroom Deputy (April 17, 2024, 12:36 PM PDT).

Plaintiffs:

> Ms. Klein,
>
> Plaintiffs' position is that granting Defendant's requested 30-day extension after Judge Aiken's ruling essentially affords Defendant the stay that she originally sought, and Plaintiffs successfully opposed. As the Court has not issued an order staying discovery pending a ruling on Defendant's Objection to Judge Kasubhai's Opinion and Order, Plaintiffs are not willing to assent to such a stay and believe that they remain entitled to take discovery from Defendant.
>
> Should discovery proceed as ordered by Judge Kasubhai, and Judge Aiken overrule the Opinion and Order and institute a stay pending a resolution of the criminal proceedings concerning Baxter-Krause, Plaintiffs would necessarily be foreclosed from utilizing such discovery until after the criminal proceedings have resolved regardless. Frankly, Plaintiffs fail to see any prejudice to Defendant from proceeding with discovery at this time.
>
> Plaintiffs will file their response to Defendant's Objection today.
>
> Regards,
>
> D. Reed Solt | Associate Attorney

Email from Plaintiff's Counsel D. Reed Holt to Judge Kasubhai's Courtroom Deputy (April 18, 2024, 11:39 AM PDT).

## LEGAL STANDARD

"It is well-established law that the filing of an objection to a magistrate judge's order on a non-dispositive motion does not automatically stay that order's operation." *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1093 (D. Nev. 2022) (collecting cases).[4] Instead, "courts typically

---

[4] The Court understands that Defendant's objections to its March 21 O&O include the argument that the matter was dispositive rather than nondispositive. ECF No. 88. Nevertheless, given the posture of the case, the March 21 O&O remains an active Order of the Court pending review by the District Court Judge.

Page 4 — OPINION & ORDER

apply the same four-factor test used for a stay pending appeal." *Id*. (internal quotations and citation omitted).

A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result…It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The factors to be applied by the Court in deciding whether to exercise its discretion are "1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. (internal quotations and citation omitted). "The first two factors of the traditional standard are the most critical." *Id*.

## DISCUSSION

The Court first notes that there is substantial overlap between the factors and considerations at issue here and those evaluated in its March 21 O&O. Evaluating those factors again while considering the additional argument regarding the effect of Defendant's right to object to a magistrate judge's order under Rule 72, the Court finds that the *Nken* factors weigh against staying its March 21 O&O.

With respect to the first factor—whether Defendant has made a strong showing that she is likely to succeed on the merits—this factor weighs heavily against a stay. Under Rule 72(a), a magistrate judge's nondispositive order is only to be set aside if "clearly erroneous or…contrary to law." The Court has reviewed Defendant's objections to its March 21 O&O, ECF No. 88 and finds that Defendant's chance of success does not rise to the level of a "strong showing." Defendant's arguments that the matter was dispositive and subject to review under Rule 72(b)

rather than Rule 72(a) is not compelling, nor is there a strong chance of success on its argument that the Court clearly erred or acted contrary to law.

The second factor—whether the applicant will be irreparably injured absent a stay—weighs only slightly in favor of a stay. As for the impact on Defendant's Fifth Amendment rights, the Court refers to its prior analysis of this issue in the March 21 O&O. With respect to the impact on Defendant's right to District Court Judge review under Rule 72, the Court acknowledges that it is possible that the requested discovery may be required before her objections are resolved before the District Court Judge. However, this injury is largely self-inflicted. Defendant waited until the eleventh hour, a mere three days before the close of discovery, to seek relief from the March 21 O&O. Defendant has had ample opportunity over the 27 days that have elapsed between entry of the order and its informal request for a stay to seek relief from the Court's March 21 O&O to allow for review. In particular, Defendant could have moved to stay the March 21 O&O concurrently with the filing of its objections to the same on April 4, 2024. She could also have sought expedited review of her objections by the District Court Judge. In light of the posture of the case, Defendant's argument that her right to review by a District Court Judge is impaired is unavailing.

The third factor—whether issuance of the stay will substantially injure the other parties interested in the proceeding—weighs powerfully against a stay. As the Court explained in the March 21 O&O, the case has already been pending for three years. The case was already stayed voluntarily for six months and extended further nearly four months while the March 21 O&O was pending. Granting the stay until 30 days after the District Court Judge's decision would grant Defendant the very relief sought in their original motion to stay *regardless* of the District Court Judge's decision.

Finaly, applying the fourth and final factor— where the public interest lies—there are no different considerations at issue under the current posture than those at issue when the Court considered the same factor in its prior analysis in the March 21 O&O. The Court therefore incorporates that analysis and finds that here, as there, the public interest weighs against a stay.

In sum, applying the required factors, the Court declines to exercise its discretion to stay its March 21 O&O pending District Court Judge review under Rule 72.

## CONCLUSION

For the reasons outlined above, Defendants' informal request for a stay of the Court's March 21, 2024 Opinion & Order is DENIED.

DATED this 23rd day of April 2024.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge