IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MILES HART; ELIZABETH TANENBAUM, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>J.H. BAXTER & CO; J.H. BAXTER & CO, INC.; GEORGIA BAXTER-KRAUSE,<br><br>Defendants. | Case No. 6:21 cv 00663-MK<br>**ORDER** |

On March 21, 2024, Magistrate Judge Mustafa Kasubhai issued an Opinion & Order, ECF No. 87, denying Defendants' Motion to Stay Discovery and for a Protective Order, ECF No. 73. On April 4, 2024, Defendants filed Objections to the Opinion and Order, ECF No. 88, and Plaintiffs responded to those Objections, ECF No. 90. Defendants then sought a stay of Judge Kasubhai's Order pending this Court's ruling on the Objections, which Judge Kasubhai denied. ECF No. 91. Defendants filed Objections to the denial of the stay, ECF No. 92, and Plaintiffs responded to those Objections, ECF No. 94.

As a preliminary matter, the Court must determine whether the denial of the motion to stay is a dispositive motion for purposes of determining the appropriate standard of review. The Ninth Circuit has held that "where the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive," but that when the resolution of a motion to stay does not dispose of any claims or defenses and does not deny the party seeking the stay and ultimate relief, the motion is not dispositive. *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013). Here, the stay sought is in connection with what Defendants contend is the forthcoming indictment of Defendant Georgia Baxter-Krause.

The Court concludes that Judge Kasubhai's denial of the stay, ECF No. 87, is non-dispositive. As both Judge Kasubhai and Plaintiffs point out, Ms. Baxter-Krause has not yet been indicted and the timing and contents of such an indictment are speculative. The Court similarly concludes that Judge Kasubhai's subsequent Order, denying the motion to stay enforcement of the prior Order pending this Court's review, ECF No. 91, is similarly non-dispositive. In accordance with Federal Rule of Civil Procedure 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judgment must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The standard for review for a non-dispositive order with objections is "clearly erroneous" or "contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard

of review for non-dispositive motions).  If a ruling on a motion is not determinative of a party's claim or defense, it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(B).  However, in this case, even applying the more rigorous de novo review that would accompany objections to a recommendation on a dispositive motion, the Court would reach the same conclusion.

The Court has reviewed the Opinions & Orders, the Objections, the Responses and record and finds no error.  Defendants' Objections, ECF No. 88, 92, are overruled and the Court declines to disturb Judge Kasubhai's ruling.

Order and Dated the 3rd day of July, 2024.

                                                               **/s/Ann Aiken**

                                                                   Ann Aiken

                                               United States District Judge