IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MILES HART,**

                Plaintiff,

   v.

**J.H. BAXTER & CO., et al.**

                Defendant.

Case No.6:21-cv-00663-MTK

**SETTLEMENT CONFERENCE SCHEDULING ORDER**

A settlement conference is set for **Wednesday, 10/08/2025** at **10:00am** in **by videoconference** before Magistrate Judge Andrew Hallman. In advance of the settlement conference, this Court hereby ORDERS the following:

**Absent prior approval from Judge Hallman, any individuals with settlement authority are required to participate in the entire settlement conference.** This includes representatives from any insurance company, corporate entity, or governmental body whose approval is required for any final settlement. This also includes any individual who will have input on the decision of whether or not to settle the case, such as a spouse, parent, or any other adviser who may be relied on for advice.

This is a voluntary process. Unless the assigned judge has ordered the parties to participate in a settlement conference, the parties' participation is by agreement and any party may elect at any time to discontinue its participation in a settlement conference.

This is a confidential process, both during and after it concludes. All communications made in connection with the Settlement Conference are confidential and will not be disclosed to anyone outside of Judge Hallman's chambers. Judge Hallman will not disclose discussions with one party to another party without the consent of the disclosing party. Confidentiality survives the settlement conference whether or not the case is settled, and it continues to apply to any settlement discussions, written or oral, in which Judge Hallman is involved after the conference. If the case does not settle, Judge Hallman will not disclose any additional information regarding the settlement conference or the parties' positions to the assigned judge.

The parties are required to engage in meaningful discovery before the settlement conference. All settlement conferences invariably involve a negotiating process, the sifting of facts, the analysis of legal issues, and the candid evaluation of the strengths and weaknesses of a party's case, along with a realistic appraisal of the anticipated gains from further litigation balanced against the risks associated with that litigation. This cannot be accomplished before meaningful discovery is completed.

The parties are required to engage in settlement discussions before the settlement conference. The parties must exchange at least two cycles of demand and counteroffer. The demands and counteroffers must address all material terms of the settlement agreement.

This is a **settlement** conference. The parties who voluntarily agree to participate in a settlement conference must do so with the intent of participating in good faith and with a genuine interest in reaching a settlement agreement, and not for some other reason.

The parties are ordered to submit a Confidential Settlement Memorandum to Judge Hallman by **10/03/2025.** The parties are instructed to email their Confidential Settlement Memorandum [directly to Judge Hallman](). The parties must be ready and comply with all instructions for submission of the Confidential Settlement Memorandum.

**Any party who, without prior Court approval, fails to comply with these orders may be subject to sanctions. Such sanctions may include costs and attorney fees of the other parties attending the Settlement Conference.**

Dated this 30th day of September, 2025.

_____
ANDREW HALLMAN
United States Magistrate Judge

## INSTRUCTIONS FOR CONFIDENTIAL SETTLEMENT MEMORANDUM

A. Limit the memorandum to ten (10) pages. You may attach key exhibits, reasonable in number and length, if the exhibits are critical to understanding the case or the parties' respective positions. Do NOT attach documents or filings that are already part of the record in this case. Instead, you should identify the specific portions of the record to be reviewed (*e.g.*, Defendants' Motion for Summary Judgment, ECF 10 at 3-4).

B. Do NOT submit a settlement memorandum that reads as if it is a summary judgment brief. Do not argue that you certainly will obtain or thwart summary judgment, or that you are certain to prevail at trial. If you or your client are that confident about your case, then you should proceed with litigation rather than spend time in a settlement conference.

C. Be candid. Candor is key to your credibility. No purpose is served by praising your strengths and admitting no weaknesses, or by discussing only the myriad shortcomings of the opponent's case. Any unfavorable aspect of your case that you choose to not share usually appears in the other side's settlement memorandum, so omitting weaknesses will damage your credibility before the settlement conference even begins.

D. Do not assert new claims or defenses not previously disclosed to the other side sufficiently in advance of the settlement conference. Parties prepare their settlement positions based on an analysis of existing claims and defenses.

E. Do not request new material terms for settlement that have not been disclosed to the other side. If a term or condition is essential to your client's willingness to settle, make sure it is disclosed before the settlement conference.

F. Your settlement memorandum must address the following:

   1. The three (3) best and three (3) worst facts for your case.

   2. Any legal issues which, when ruled upon, could substantially change your client's position in the case, either favorably or unfavorably.

   3. An explanation of any factors making settlement difficult for the parties or, conversely, any common goals that might facilitate settlement.

   4. The status of settlement negotiations, including the last settlement proposal made by each party.

   5. The fees and costs you have incurred to date, and an estimate of the anticipated fees and costs you will incur to prepare, try, and participate in an appeal of the case.

   6. The range—reasonable and realistic—you currently consider appropriate for settling the case.

   7. The identity of all individuals with settlement authority, along with either confirmation that those individuals will participate in the entire settlement conference or a request that Judge Hallman excuse certain individuals from full participation.